UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SALVADOR BELTRE,

        Petitioner,

  - against -

THE UNITED STATES OF AMERICA,

        Respondent.
---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 14, 2011

05 Cr. 208 / 08 Civ. 1683 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    This is a 28 U.S.C. § 2255 petition to vacate, set aside, or correct Salvador Beltre's ("Beltre") sentence due to ineffective assistance of counsel.

    On September 19, 2006, with advice of counsel and pursuant to a written plea agreement with the Government, Beltre pleaded guilty to illegal reentry into the United States of America under 8 U.S.C. § 1326(a). Under the agreement, Beltre waived his right to appeal or "otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Guidelines Range of 70 to 87 months' imprisonment." The presentence report recommended a sentence of 87 months; but on May 23, 2007, this Court sentenced Beltre to a term of 72 months.

    Notwithstanding the waiver, Beltre now asserts that defense counsel provided constitutionally ineffective assistance by failing to: (1) inform Beltre that he could have pleaded guilty to the offense of illegal reentry under 8 U.S.C. § 1326(a), while separately presenting the sentencing enhancement under § 1326(b)(2) to a jury; (2) argue for a reduced sentence based on Beltre's status as a deportable alien, family ties, and cultural assimilation; (3) argue for a reduced sentence based on disparities with "fast track" districts; and (4) argue that Beltre's criminal history category was miscalculated in light of the November 1, 2007 amendment to the United

States Sentencing Guidelines ("U.S.S.G."), addressing the counting of multiple prior sentences. (See Petitioner's Memorandum of Law ("Pet. Mem.") at 3-4.) The petition is DENIED.

I. **Beltre's Plea Agreement Waived his Right to Appeal and to Collaterally Attack his Sentence**

Beltre pleaded pursuant to an agreement with the Government to the charge of illegal reentry in exchange for the dismissal of the other counts charging him with possession of 5 kilograms or more of cocaine; possessing firearms in connection with drug trafficking; and being a felon in possession of a firearm. (See Government's Letter in Opposition to the Pet. Mem. ("Gov't Mem.") Ex. E (Plea Agreement dated Sept. 14, 2006 ("Plea Ag."))). In the plea agreement, Beltre and the Government stipulated to an offense level of 21 (reflecting an initial offense level of 24 under U.S.S.G. § 2L1.2, and a 3-level reduction under U.S.S.G. § 3El.1(a) and (b)(2)), and a Criminal History Category of V. (Plea Ag. at 2.) Based on these calculations, the stipulated sentencing range was 70 to 87 months. (Id. at 4.) The parties also agreed that neither would seek a downward or upward departure from the stipulated guidelines range. (Plea Ag. at 4.) Finally, Beltre waived his right to "file a direct appeal, []or otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the Stipulated Guidelines Range of 70 to 87 months' imprisonment . . . ." (Id. at 5.)

On September 19, 2006, Beltre and his attorney appeared before Magistrate Judge Michael H. Dolinger and pleaded guilty pursuant to this written agreement. Magistrate Judge Dolinger thoroughly questioned Beltre to determine whether he was competent to plead guilty. (See Gov't Mem. Ex. D (Transcript of Petitioner's Sept. 19, 2006 Guilty Plea before Magistrate Judge Michael Dolinger ("Plea Tr.")) at 4-14.) Beltre confirmed that he had no difficulty understanding the proceedings with the assistance of an interpreter. (Id. at 5.) Magistrate Judge

Dolinger read Count Four of the superseding indictment to Beltre, who stated that he understood the charge. (Id.)  Beltre confirmed that he had had the opportunity to review the charges and plea agreement with his attorney and was satisfied with his representation.  Beltre also stated that he understood the nature of the charge and the range of penalties he faced, including "a prison term for as long as twenty years," and that his sentence would be governed by the U.S.S.G. (See id. at 6, 7, 9-12.)  Magistrate Judge Dolinger instructed Beltre that he was waiving the right to a jury trial, where he would be presumed innocent and the Government would have the burden of proving his guilt beyond a reasonable doubt.  Magistrate Judge Dolinger also advised Beltre that he was giving up his right to complain about any prison term of 87 months or less, either by appeal or through application to the District Court. (See Plea. Tr. at 8-9, 12.)  Beltre stated that he understood and was willing to waive these rights by pleading guilty. (Id. at 12.)

Beltre then admitted to committing the crime charged in Count Four, and acknowledged his March 1989 conviction in New York State Supreme Court for criminal sale of a controlled substance in the third degree. (Id. at 13-14.)  Magistrate Judge Dolinger found that Beltre understood the nature of the charges and consequences of his guilty plea; that the plea was voluntary; and that it had a sufficient factual basis.  Accordingly, he recommended that Judge Casey accept the plea. (Id. at 16.)  On March 14, 2007, after reviewing the transcript of the plea allocution before Magistrate Judge Dolinger, Judge Casey accepted the guilty plea upon a finding that the plea was knowing, voluntary, and had a factual basis. (See Order dated March 14, 2007 (Dkt. 31).)

## II. Section 2255 Claims are Waived

### a. Legal Standard

Section 2255(a) of Title 28 of the United States Code provides that:

3

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under this statute is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." Mendez v. United States, No. 09 Civ. 05761, 2010 WL 815023 (S.D.N.Y. Mar. 10, 2010), adopted by 2010 WL 3911460 (S.D.N.Y. Sept. 23, 2010) (quoting Graziano v. United States, 83 F.3d 587, 590 (2d Cir.1996)).

Here, there is both a knowing and voluntary waiver; and no basis in law or fact for the claims asserted.

### b. Validity of the Plea Agreement and Waiver

Knowing and voluntary waivers of the right to appeal or collaterally attack one's sentence are valid and enforceable. See, e.g., Garcia-Santos v. United Sates, 273 F.3d 506, 509 (2d Cir. 2001). Beltre alleges that his waiver was neither knowing or voluntary due to his state of "confusion, preoccupation, anguish and anxiety." (See Pet. Mem. at 6.) His allocution, however, demonstrated the very opposite. Beltre expressly acknowledged that he had been afforded a full opportunity to discuss his case and the consequences of his plea with counsel; that he understood that the sentencing judge would not be bound by the stipulated sentencing range; and that he was "giving up [his] claim to complain about the prison term, either by appeal or through application to Judge Casey." (See Plea Tr. at 6, 12.) "[T]he district court [i]s entitled to rely upon the defendant's sworn statements, made in open court with the assistance of a

translator, that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, [and] understood that he was waiving his right to appeal a sentence below [the stipulated range] . . . ." United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001).  Beltre has offered no reason to doubt that his waiver was knowing and voluntary.

### III.    In Any Event, the Claims of Ineffective Assistance of Counsel Fail on the Merits

#### a.  Legal Standard

Since Beltre received a sentence of 72 months, his claim of ineffective assistance of counsel can survive the § 2255 waiver only if it relates to the negotiation and entry of a plea agreement. United States v. Cano, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007); see also United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001) ("If the constitutionality of [the plea] process passes muster, the plea agreement's waiver would bar any consideration . . . of issues that fall within the scope of that waiver.  For instance had [the defendant] raised any issues about his sentence, we would have refused to consider them.").

Beltre asserts in his petition that he received ineffective assistance of counsel because Mr. Parker failed to (1) inform Beltre that the 16-level sentencing enhancement of § 1326(b) would have been presented to a jury, (2) argue for a reduced sentence based on the defendant's status as a deportable alien, family ties, and cultural assimilation; (3) argue that disparities with "fast track" districts warranted a reduced sentence; and (4) argue that Beltre's criminal history category was miscalculated in light of the November 1, 2007 amendment to the U.S.S.G. (See Pet. Mem. 3-15.)  Only the first of these bases goes even remotely to the negotiation or entry of the plea agreement.

### b. Beltre's Title 8 U.S.C. § 1326(b)(2) Claim

Beltre asserts that his counsel did not inform him that the 16-level sentencing enhancement contained in § 1326(b)(2) constituted an element of the offense that would have been separately submitted to a jury. (See Petition at 6.) His argument, however, misconstrues the legal force of the applicable provision. Section 1326(a) makes it a crime for a deported alien to return to the United States without special permission and authorizes a maximum prison term of two years. In 1988, Congress added subsection (b)(2), which authorizes a maximum prison term of 20 years for "any alien described" in subsection (a), if the initial "deportation was subsequent to a conviction for commission of an aggravated felony." See Almendarez-Torres v. United States, 523 U.S. 224, 229 (1998). The Supreme Court has clearly held that Congress intended to make a previous deportation for an aggravated felony under 1326(b)(2) a sentencing factor, not a separate criminal offense. Id. at 235; see also Cabrera v. United States, No. 05 Civ. 5679, 2007 WL 1686445, at *1 (S.D.N.Y. June 11, 2007) (noting the continued validity of Almendarez-Torres's holding that 8 U.S.C. § 1326(b)(2) is a penalty provision that simply authorizes an enhanced sentence). In Apprendi v. New Jersey, the Supreme Court reaffirmed the constitutionality of provisions like § 1326(b)(2), holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 530 U.S. 466, 490 (2000) (emphasis added). Because section 1326(b) is a sentencing enhancement based on the fact of a prior conviction, separately submitting it to the jury was never an option for Beltre.

### c. Remaining Ineffective Assistance of Counsel Claims

The remaining three allegations – that defense counsel failed to argue for a reduced sentence based on the defendant's status, family ties, and cultural assimilation; disparities with

6

"fast track" districts; and miscalculation of his criminal history category – are precluded by Beltre's waiver because they attack his sentence, not the negotiation of the plea agreement. Cano, 494 F. Supp. 2d at 248; Cruz v. United States, 2000 WL 1510079, at *9 (S.D.N.Y. Oct. 10, 2000) ("[B]ecause [the defendant] was sentenced within the range stipulated in his plea agreement he has waived the right to raise any claim related to his sentence, including a claim of ineffectiveness of his counsel in failing to move for a downward departure [during sentencing].").

Moreover, the Court notes that none of these remaining claims has any merit. Beltre's attorney, in fact, raised Beltre's status as a deportable alien and family ties in his Sentencing Memorandum. (Sent. Mem. at 8-9.) The Second Circuit has not recognized cultural assimilation as a basis for a downward departure. United States v. Ticas, 219 Fed. App'x 44, 45 (2d Cir. 2007) (approving the district court's reasoning that "substantial prior criminal history weighed against [such] a finding"). Even if this district had a "fast track" program, Beltre would have been ineligible for a reduction in sentence under it because he filed a suppression motion.[1] (See Gov't Mem. at 14.) Finally, Beltre's claim that his offense level was miscalculated in light of the November 1, 2007 amendment to U.S.S.G. § 4A1.2 ("Amendment 709"), which addresses the counting of multiple prior sentences, also fails because Amendment 709 does not apply retroactively. See U.S.S.G. §1B1.10(c); § 1B1.10 cmt. n.1(A). Even if Beltre had not waived his right to collaterally attack his sentence, therefore, his ineffective assistance of counsel claims still fail. Indeed, the record demonstrates that Beltre's counsel effectively represented him by

---

[1] "Fast track" programs require that the defendants: (1) enter into a written plea agreement; (2) waive filing any pretrial motions; (3) waive any right to appeal; and (4) waive the opportunity to challenge his conviction under 28 U.S.C. § 2255. See Memorandum from Attorney General John Ashcroft Setting Forth Justice Department "Fast-Track" Policies (Sept. 22, 2003), 16 Fed. Sent. Rep. 134, 2003 WL 23475483, at *2-3 (2003).

foregoing unsound arguments that Beltre now asserts and obtaining a sentence near the low end of the stipulated guidelines range.

## CONCLUSION

Accordingly, the Petitioner's petition for habeas corpus is DENIED. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case.

Dated: New York, New York
       June 14, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Salvador Beltre
# 35946-004
CI Moshannon Valley
P.O. Box 2000
Phillipsburg, PA 16866